IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JIMILIE D.,

                         Plaintiff,

          v.                                                Civil Action No.
                                                            5:20-CV-0881 (DEP)


COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF

LAW OFFICES OF STEVEN R.                  STEVEN R. DOLSON, ESQ.
   DOLSON
126 North Salina Street, Suite 3B
Syracuse, New York 13202


FOR DEFENDANT

SOCIAL SECURITY ADMIN.                    HUGH DUN RAPPAPORT, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE


ORDER

     Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C.

§§ 405(g) and 1383(c)(3), are cross-motions for judgment on the

pleadings.[1] Oral argument was conducted in connection with those

motions on October 14, 2021, during a telephone conference held on the

record. At the close of argument, I issued a bench decision in which, after

applying the requisite deferential review standard, I found that the

Commissioner's determination did not result from the application of proper

legal principles and is not supported by substantial evidence, providing

further detail regarding my reasoning and addressing the specific issues

raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench

decision, a transcript of which is attached and incorporated herein by

reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not

disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3)    The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4)    The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.


David E. Peebles
U.S. Magistrate Judge


Dated:      October 21, 2021
            Syracuse, NY

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------x
JIMILIE D.,

                              Plaintiff,

vs.                              5:20-CV-881

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
---------------------------------------------x

          Transcript of a **Decision** held during a

Telephone Conference on October 14, 2021, the

HONORABLE DAVID E. PEEBLES, United States Magistrate

Judge, Presiding.

                 A P P E A R A N C E S

                    (By Telephone)

For Plaintiff:      STEVEN R. DOLSON, ESQ.
                    Attorney at Law
                    126 N. Salina St., Suite 3B
                    Syracuse, New York  13202

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    15 Sudbury Street
                    Suite 625
                    Boston, Massachusetts  02203
                      BY:  HUGH DUN RAPPAPORT, ESQ.


            *Jodi L. Hibbard, RPR, CSR, CRR*
        *Official United States Court Reporter*
             *100 South Clinton Street*
          *Syracuse, New York  13261-7367*
                  *(315) 234-8547*

1                    (The Court and counsel present by telephone.)

2                    THE COURT:  Thank you both for excellent

3       presentations, both written and oral.  I have enjoyed working

4       with you.

5                    Plaintiff commenced this action pursuant to 42

6       United States Code Sections 405(g) and 1383(c)(3) to

7       challenge an adverse determination by the Commissioner of

8       Social Security finding that she was not disabled at the

9       relevant times and therefore ineligible for the benefits

10      sought.

11                   Background is as follows:  Plaintiff was born in

12      July of 1972 and is currently 49 years of age.  Plaintiff was

13      40 years old at the alleged onset of disability on April 13,

14      2013.  Plaintiff lives in an apartment in Madison, New York

15      with two children who, by my calculations, are approximately

16      8 and 13 years old, respectively.  They are both described as

17      special needs children on some sort of autism spectrum.

18      Plaintiff stands 5 foot, 5 inches in height and weighs

19      180 pounds.  Plaintiff has undeniably experienced a troubled

20      childhood.  She had an abusive mother and was in nine foster

21      homes.  Plaintiff quit school in 10th grade, was in special

22      education classes.  She did achieve a GED in 1990.  She is

23      also a licensed certificated CNA and home health aide.  She

24      had one semester of college but failed in that experience.

25      Plaintiff stopped working in April of 2013.  Prior work

1    included as an assembly line worker in a wire factory, a

2    college food services worker at Colgate University, a

3    restaurant worker, a home care aide, and an assisted living

4    facility aide.  Plaintiff testified at 69 to 70 of the

5    administrative transcript to being fired from several jobs.

6            Physically, plaintiff suffers from lumbar and

7    cervical spine degenerative disk disease, carpal tunnel

8    syndrome for which she has not had release surgery,

9    fibromyalgia, psoriatic arthritis, asthma, headaches,

10   obesity, and a thyroid condition.  Plaintiff has not

11   undergone any surgery.  She does receive injections to

12   relieve her pain.

13           Mentally, plaintiff suffers from attention deficit

14   and hyperactivity disorder, or ADHD, an intellectual

15   disorder, depression, post-traumatic stress disorder,

16   borderline personality disorder.  She receives counseling

17   every other week and sees a psychiatrist monthly.  Plaintiff

18   has been treated from various sources including Bassett

19   Healthcare, Adirondack Pain Management, Oneida Family

20   Counseling Services, ADHD and Autism Psychological Services,

21   and Madison County Department of Health.

22           Plaintiff is able to bathe, dress, shower, cook,

23   clean, do laundry, shop, care for her two autistic children,

24   attend counseling in group sessions, she watches television,

25   listens to the radio, goes out and is on social media.

1           In terms of background, plaintiff applied for Title

2    II and Title XVI benefits in February of 2010.  That

3    application was denied after a hearing and the Social

4    Security Administration Appeals Council denied review on

5    March 4, 2013.  Plaintiff again applied for Title II and

6    Title XVI benefits on July 31, 2015, alleging an onset date

7    of April 13, 2013, and originally claiming depression, PTSD,

8    dysthymic disorder, and bulging disks as a basis, as well as

9    anxiety, ADHD, and arthritis, later adding fibromyalgia and

10   an intellectual disorder.

11          A hearing was conducted on July 11, 2017 by

12   Administrative Law Judge David Pang, who issued an

13   unfavorable decision on August 14, 2017.  The matter was

14   remanded by the Social Security Administration Appeals

15   Council on August 14, 2018 for further proceedings to focus

16   on plaintiff's mental limitation.

17          A hearing was conducted on April 24th, 2019 by a

18   duly assigned administrative law judge, Kenneth Theurer.  ALJ

19   Theurer issued an unfavorable decision on May 28, 2019 which

20   became a final determination of the agency on July 1, 2020

21   when the Social Security Appeals Council denied plaintiff's

22   application for review.  This action was commenced on

23   August 5, 2020 and was timely.

24          In his decision, ALJ Theurer applied the familiar

25   five-step test for determining disability.  He first noted

1    that plaintiff was last insured on June 30, 2014.

2                    (Interruption by the court reporter and pause

3                     in proceedings.)

4                THE COURT:  We are back on the record.  In his

5    decision, ALJ Theurer applied the familiar five-step test for

6    determining disability.  He first noted that plaintiff was

7    last insured on June 30, 2014.

8                At step one, the ALJ concluded plaintiff did not

9    engage in substantial gainful activity since April 13, 2013.

10               At step two, he concluded that plaintiff does

11   suffer from physical and mental impairments that impose more

12   than minimal limitations on her ability to perform basic work

13   activities, including degenerative disk disease of the lumbar

14   spine, degenerative disk disease of the cervical spine,

15   carpal tunnel, fibromyalgia, psoriatic arthritis, asthma,

16   intellectual disorder, attention deficit hyperactivity

17   disorder, depression, post-traumatic stress disorder,

18   borderline personality, and headaches.

19               At step three, the ALJ concluded plaintiff's

20   conditions do not meet or medically equal any of the listed

21   presumptively disabling conditions set forth in the

22   regulations, specifically considering Listings 1.04, 3.03,

23   14.09, Social Security Ruling 12-2p regarding fibromyalgia,

24   and the 12.02, et cetera series governing the mental

25   impairments.

1          The ALJ next concluded that plaintiff retains the

2     residual functional capacity, or RFC, to perform sedentary

3     work with additional limitations that address both physical

4     and mental impairments.

5          At step four, ALJ Theurer concluded that plaintiff

6     is incapable of performing her past relevant work as a home

7     health aide and a cafeteria food service worker, a strander

8     operator, and a restaurant aide.

9          At step five, he noted first that if plaintiff were

10    capable of performing a full range of sedentary work, a

11    finding of no disability would be directed by the

12    Medical-Vocational Guidelines and specifically Grid Rule

13    201.28.  Based on the testimony of a vocational expert who

14    considered a hypothetical that mirrored the residual

15    functional capacity finding, ALJ Theurer found that plaintiff

16    could perform work available in the national economy and

17    cited as representative jobs addresser, document preparer,

18    and cutter and paster/press clippings, and therefore

19    concluded plaintiff was not disabled at the relevant times.

20          As you full well know, the court's function in this

21    case is limited to determining whether correct legal

22    principles were applied and the result is supported by

23    substantial evidence, defined as such relevant evidence as a

24    reasonable mind would find sufficient to support a fact.

25          Plaintiff's contentions in this case are limited.

16

1    She challenges the administrative law judge's failure to

2    consider opinions in the record from Dr. Harry Kissi and

3    Nurse Practitioners Grace Digman, Svetlania Bykovich, and

4    Maureen Gallagher.  The focus of the claimed error is on

5    plaintiff's physical capacity.

6          Of course the first requirement, or pivotal to the

7    finding of disability or no disability is determining

8    plaintiff's residual functional capacity, or RFC, which

9    represents a finding of the range of tasks a plaintiff is

10   capable of performing notwithstanding her impairments.

11   Ordinarily, an RFC represents a claimant's maximum ability to

12   perform sustained work activities in an ordinary setting on a

13   regular and continuing basis, meaning eight hours a day for

14   five days a week or an equivalent schedule.  An RFC

15   determination is informed by consideration of all of the

16   relevant medical and other evidence and of course, to pass

17   muster, must be supported by substantial evidence.  Because

18   the applications in this case were filed prior to March of

19   2017, the former regulations control the weight to be given

20   to medical opinions.  I will cite the regulations that govern

21   the Title II application.  There are parallel and virtually

22   identical regulations that govern the Title XVI claim as

23   well.  Evaluation of medical opinions is addressed in 20

24   C.F.R. Section 404.1527.  Subsection (a)(1) of that

25   regulation defines a medical opinion as the statement from an

17

1     acceptable medical source that reflect judgments about the

2     nature and severity of a claimant's impairments, and I'm

3     paraphrasing.  Of course, acceptable medical sources do not

4     include nurse practitioners but do include physicians.

5             The weight to be given to a medical opinion is

6     governed by Section 404.1527(c), which addresses factors to

7     be considered in weighing a medical opinion.  The only

8     opinion that satisfies that definition that was not mentioned

9     was that from Dr. Harry Kissi, and it appears at page 696 of

10    the administrative transcript.  It was not mentioned, and as

11    the Commissioner concedes, that clearly was error.  It was

12    not mentioned by ALJ Theurer in his opinion.  However, as

13    plaintiff concedes, the medical opinion of Dr. Kissi does not

14    undermine the resulting residual functional capacity finding

15    and therefore any error in that regard is harmless.

16            The others include opinions from Nurse Practitioner

17    Grace Digman from March 17, 2016 that indicates plaintiff is

18    very limited in standing, lifting and carrying, pushing,

19    pulling, and bending.  And in the form which is at 673 of the

20    administrative transcript, part of Exhibit 21F, it indicates

21    back, neck pain, limited in pushing, pulling, lifting,

22    standing, walking for extended periods of time.

23            There is also an opinion from Maureen Gallagher, a

24    nurse practitioner, from November 7, 2015 at 675.  Again,

25    very limited in pushing -- these are very difficult to

18

1    read -- lifting and carrying, sitting, and pushing, pulling,

2    and bending.  And that one states back, neck pain, no

3    pushing, pulling, lifting, or carrying.

4              There is also an opinion from Nurse Practitioner

5    Gallagher from May 29, 2015 approximately, it's not dated but

6    that is indicated as the last date of examination.  On that

7    form which appears at 677, indicating plaintiff is very

8    limited in standing, lifting and carrying, pushing, pulling,

9    bending, and it says back/neck pain, no pushing, pulling,

10   lifting, or carrying.

11             There is a, an opinion from Nurse Practitioner

12   Svetlania Bykovich, doesn't appear to be dated, and it

13   indicates lift -- limited lifting, pushing, and pulling.

14             There is further opinion from Nurse Practitioner

15   Gallagher from December of 2013 at page 700 and indicates

16   plaintiff is very limited in standing, sitting, lifting,

17   carrying, pushing, pulling, bending, and it says back pain

18   which increases with pushing, pulling, lifting, and carrying.

19   She cannot sit or stand for more than 15 minutes I believe is

20   what it says, it is somewhat illegible.

21             And lastly, there is an opinion from Nurse

22   Practitioner Gallagher on -- it is again undated but

23   indicates that the last examination occurred on May 8, 2013.

24   This appears at page 712.  Shows that plaintiff is very

25   limited in standing and lifting and carrying, and it says no

1   standing or sitting for more than one half hour at a time, no

2   lifting, pushing, or pulling, all of these activities

3   aggravate sciatic and cervical neck.

4            The only mention of Nurse Practitioner Gallagher

5   appears at page 19.  It is part of the step three analysis by

6   the administrative law judge and clearly focuses on the

7   mental component which is really not the thrust of Nurse

8   Practitioner Gallagher's several opinions.  Nurse

9   Practitioner Digman and Nurse Practitioner Bykovich are not

10  mentioned at all.

11           These are not acceptable medical sources.  However,

12  consideration of their opinions is governed by Section

13  404.1527(f), which requires that they be considered, using

14  the factors articulated in subdivision (c) of that

15  regulation.  And specifically, that section goes on to

16  provide as follows:  The adjudicator generally should explain

17  the weight given to opinions from these sources, or otherwise

18  ensure that the discussion of the evidence in the

19  determination or decision allows a claimant or subsequent

20  reviewer to follow the adjudicator's reasoning when such

21  opinions may have an effect on the outcome of the case.

22  These are extremely important opinions, particularly since it

23  appears that Nurse Practitioner Gallagher has treated the

24  plaintiff since November 27, 2012.  There's evidence in the

25  record of several examinations.  I believe that there was a

1    duty on the part of the administrative law judge to mention

2    those opinions and give an indication that they were

3    considered.  *Kentile v. Colvin*, 2014 WL 3534905 from the

4    Northern District of New York, July 17, 2014.  They should

5    have been reviewed and Section 404.1527(f) should have been

6    but was not followed.  The failure to discuss and explain

7    those opinions is error.  *Javon W. v. Commissioner of Social*

8    *Security*, 2019 WL 1208140, from the Northern District of

9    New York, March 13, 2019, and *Saxon v. Astrue*, 781 F.Supp.2d

10   92 from the Northern District of New York, 2011.

11            The question is, is there prejudice?  It is true

12   that in the first instance it is for the administrative law

13   judge to weigh conflicting opinions in the record.  *Veino v.*

14   *Barnhart*, 312 F.3d 578, from the Second Circuit, 2002.  I am

15   unable to say that the error was harmless.  The opinions of

16   the nurse practitioners and particularly Nurse Practitioner

17   Gallagher are more restrictive in several areas than the

18   residual functional capacity, including the sit-stand

19   limitations.  The administrative law judge failed in his duty

20   to consider those opinions and articulate what weight, if

21   any, was given to them and why.

22            So I will grant judgment on the pleadings to the

23   plaintiff and remand the matter for further consideration

24   without a directed finding of disability.  I don't believe

25   there is such persuasive proof of disability in the record as

21

1    to warrant a directed finding in that regard.

2              Thank you both for excellent presentations, I hope

3    you have a good rest of the day.

4              MR. RAPPAPORT:  Thank you, your Honor.

5              MR. DOLSON:  Thank you, Judge.

6                   (Proceedings Adjourned, 11:38 a.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                CERTIFICATE OF OFFICIAL REPORTER

2

3

4          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5     Official Realtime Court Reporter, in and for the

6     United States District Court for the Northern

7     District of New York, DO HEREBY CERTIFY that

8     pursuant to Section 753, Title 28, United States

9     Code, that the foregoing is a true and correct

10    transcript of the stenographically reported

11    proceedings held in the above-entitled matter and

12    that the transcript page format is in conformance

13    with the regulations of the Judicial Conference of

14    the United States.

15

16                      Dated this 14th day of October, 2021.

17

18

19                      /S/ JODI L. HIBBARD
                        _____

20                      JODI L. HIBBARD, RPR, CRR, CSR
                        Official U.S. Court Reporter

21

22

23

24

25


                JODI L. HIBBARD, RPR, CRR, CSR
                      (315) 234-8547